UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SEAN GILLIAM,

        Petitioner,

    v.                                   Case No.:  5:24-cv-00501-WFJ-PRL

WARDEN, FCC COLEMAN LOW,

        Respondent.

                                         /

## ORDER

Before the Court is Sean Gilliam's ("Petitioner") *pro se* Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 4), the Warden of FCC Coleman Low's ("Respondent") Response (Doc. 7), and Petitioner's Reply (Doc. 8). After careful consideration, the Court denies the Petition.

## BACKGROUND

In February 2019, Petitioner pled guilty to: conspiracy to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); two counts of knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine base, withing 1,000 feet of a public playground, in violation of 21 U.S.C. § 860(a) (Counts 17, 19); knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 22); possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 23); knowingly and intentionally possessing with the intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, within

1,000 feet of a public playground, in violation of 21 U.S.C. § 860(a) (Count 25); and managing and controlling a residence, knowingly and intentionally made available for the purpose of unlawfully storing, manufacturing, distributing, and using controlled substances within 1,000 feet of a public playground, in violation of 21 U.S.C. § 860(a) (Count 31). (Doc. 7-2 at 2–3); (Cr. Doc. 223).[1] He was sentenced to a term of imprisonment of 144 months, consisting of concurrent terms of 84 months on all counts of conviction, other than the 924(c) charge in Count 22, on which a consecutive term of 60 months was added. (Cr. Doc. 223).

Petitioner's 924(c) offense renders him ineligible to earn time credits under the First Step Act. 18 U.S.C. § 3632(d)(4)(D). He nevertheless believes that, because he completed the 60-month consecutive sentence for that offense, he is now eligible to begin earning credits during the remaining 84 months of incarceration. (Doc. 4 at 6–7). After attempting to exhaust his administrative remedies, *see* Doc. 8 at 1,[2] he filed, and subsequently amended, his petition and asked to be declared eligible to earn time

---

[1] Petitioner's criminal case number is 2:17-cr-518-JS-2 (E.D. Pa.). References to Petitioner's criminal docket are denoted "Cr. Doc."

[2] Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert. *Id*. And because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question. *Id.* at 475.

Here, Respondent argues that Petitioner has failed to properly exhaust his administrative remedies. (Doc. 7). Petitioner replies that his attempts to exhaust were thwarted by BOP mailroom staff. (Doc. 8). The Court will skip over the exhaustion issue and address the merits of the Amended Petition. *See Santiago-Lugo*, 785 F.3d at 475.

credits. (Doc. 4 at 7). For the reasons set out below, the Court denies the Amended Petition.

## ANALYSIS

The First Step Act permits eligible prisoners to earn time credits for participating in certain evidence-based recidivism reduction programs or productive activities. 18 U.S.C. § 3632(d)(4)(A). While most prisoners are eligible, those serving a sentence for certain crimes are not. § 3632(d)(4)(D). Section 3632 provides that:

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law …

*Id.* Among the list of disqualifying offenses is a violation of 18 U.S.C. § 924(c). *Id.* Thus, Petitioner is ineligible to earn FSA credits for time served for his § 924(c) conviction.

Additionally, "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Provision of time credits, like those earned under § 3632, is an administrative function of the BOP. *See Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate Chambers's otherwise-consecutive sentences into a single unit for purely administrative purposes[.]); *see also United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018) (describing "computing inmates' credit for time served" as the BOP's administrative duty).

The appellate courts that have considered this issue have come to the same

conclusion: that the BOP properly aggregates multiple-count sentences involving a consecutive § 924(c) sentence. *See Giovinco v. Pullen*, 118 F.4th 527 (2d Cir. 2024); *Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025) (per curiam) ("[T]he BOP properly aggregated [petitioner's § 924(c) and RICO] convictions as a single sentence for purposes of FSA time credits."); *Clinkenbeard v. Murdock*, No. 24-3127, 2025 WL 926451, at *1 (8th Cir. Mar. 27, 2025) (per curiam) ("[T]he BOP correctly treated [petitioner's § 924(c) and drug-trafficking crime] prison terms as a single aggregate sentence...and therefore properly denied him FSA credits."); *Oiler v. LeMaster*, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025) (per curiam) (holding BOP properly aggregated sentences for § 924(c) and other, non-disqualifying offenses and accordingly determined he was ineligible to receive FSA time credits); *see also Bonnie v. Dunbar*, 157 F.4th 610 (4th Cir. Nov. 5, 2025) (holding calculation for inmate serving a 22-month revocation sentence for a § 924(c) offense was properly aggregated with 120-sentence imposed for new offense).

Therefore, the Court finds that Petitioner is serving a single, aggregated sentence that includes his 924(c) conviction, rendering him ineligible to earn time credits for his entire term of imprisonment. *See Giovinco*, 118 F.4th at 529 (the BOP must aggregate a prisoner's sentence pursuant to § 3584(c) for the purpose of determining his eligibility for FSA time credits"; and a single disqualifying conviction renders the prisoner "ineligible to earn FSA time credits for his entire aggregated term of imprisonment.").

## III.    CONCLUSION

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition (Doc. 4) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. The Clerk shall enter judgment for the Respondent and **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Tampa, Florida, on April 6, 2026.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:
Pro Se Party
Counsel of Record